990 F.2d 1265
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alan Lawrence SHELBY, Defendant-Appellant.
 No. 92-30348.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 7, 1993.*
Decided April 13, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alan Lawrence Shelby appeals his 248-month sentence imposed after guilty pleas to conspiracy to manufacture methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 846 and using and carrying a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c). Shelby contends that the district court erroneously calculated the amount of methamphetamine producible by the drug laboratory. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review for clear error the district court's factual findings regarding the capability of a drug operation. United States v. Williams, Nos. 91-30298, 91-30299 slip op. 2525, 2544 (9th Cir. Mar. 22, 1993); United States v. Bertrand, 926 F.2d 838, 846 (9th Cir.1991).
 
 
 4
 The Guidelines allow the district court to sentence "a defendant convicted of a conspiracy involving a controlled substance as if the object of the conspiracy had been completed." Williams, Nos. 91-30298, 91-30299 slip op. at 2544 (citing U.S.S.G. § 2D1.4(a)). The relevant commentary further provides that where "the amount seized does not reflect the scale of the offense, the sentencing judge shall approximate the quantity of the controlled substance. In making this determination, the judge may consider ... the size or capability of the laboratory involved." U.S.S.G. § 2D1.4, comment. (n. 2). "[T]he absence of a required chemical does not preclude a finding of lab capability that is based on an assumption that the missing chemical could have been obtained." Williams, Nos. 91-30298, 91-30299, slip op. at 2546.
 
 
 5
 Here, law-enforcement authorities seized twenty pounds of phenylacetic acid and fifty pounds of lead acetate from the clandestine laboratory.[1] At sentencing, the government presented the testimony of Lieutenant Michael Howard of the Oregon State Police Crime Laboratory regarding the drug quantity computation. Lieutenant Howard testified that conversion of the phenylacetic acid, the most abundant precursor chemical, would yield 3.95 kilograms of methamphetamine. Shelby did not offer an expert to challenge Howard's testimony. The district court found that "the amount of methamphetamine that could have been produced was within a range of 3 to 10 kilograms."
 
 
 6
 Shelby argues that the district court erroneously calculated the capability of the laboratory because the missing chemical, methylamine, was not present or easily obtainable. Shelby further claims that he is not an expert chemist, and therefore was incapable of producing the estimated amount of methamphetamine.
 
 
 7
 The district court implicitly found that, although no methylamine was present, it could be obtained and that Shelby and/or one of his conspirators possessed the ability to produce the methamphetamine. We agree. The presentence report (PSR) indicated that Shelby and his conspirators had obtained the phenylacetic acid and lead acetate by torturing an individual. The PSR further indicated that one of Shelby's conspirators had prior experience as a methamphetamine cook. Based upon these facts, the district court's finding that the conspirators were capable of producing 3.9 kilograms of methamphetamine was not clearly erroneous. See Bertrand, 926 F.2d at 846-47.
 
 
 8
 Shelby also contends that the district court erred by relying upon the most abundant precursor chemical, rather than the least abundant precursor chemical, to determine his base offense level. We have previously considered a similar contention and rejected it. See United States v. Lillard, 929 F.2d 500, 504 (9th Cir.1991) (capability of drug laboratory not limited to least abundant precursor chemical); see also United States v. Funk 985 F.2d 391, 393 (8th Cir.1993) (declining to adopt per se rule that drug estimate must be based upon the least abundant precursor chemical). Accordingly, we hold that there is no error in the district court's reliance on the most abundant precursor chemical found at the lab.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Shelby's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Phenylacetic acid and lead acetate are combined to make phenyl-2-propane (P2P). P2P is then combined with methylamine to produce methamphetamine. No methylamine was found at the lab